IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>DAVID L. ROGERS,<br><br>      Defendant. | 8:18CR352<br><br>**FINDINGS AND RECOMMENDATION** |

   This matter is before the Court on the Motion to Suppress (Filing No. 18) filed by Defendant, David L. Rogers. Defendant filed a brief (Filing No. 19) in support of the motion and the government filed a brief (Filing No. 25) in opposition.

   The Court held an evidentiary hearing on the motion on June 20, 2019. Defendant was present with his attorney, David Stickman. The government was represented by Assistant United States Attorney, Thomas Kangior. Dodge County Deputy Sheriff Michael Schlesiger testified on behalf of the government. Exhibits 1 and 2 offered by the government were received by the Court. The Court's Exhibit 201 was received without objection from the parties. A transcript (TR.) of the hearing was prepared and filed on June 28, 2019. (Filing No. 32). The matter is now fully submitted to the Court. For the following reasons, the undersigned magistrate judge recommends that the motion be denied.

## BACKGROUND

   At approximately 1:00 a.m. on October 18, 2018, Deputy Schlesiger was on patrol and traveling eastbound on Highway 30 near Ames, Nebraska, when he observed a westbound-traveling Buick swerve. Deputy Schlesiger turned around and began following the Buick because he was concerned that the Buick's driver may have been under the influence of drugs or alcohol. (TR. 7, 9-10). Deputy Schlesiger initiated a traffic stop of the Buick after observing the Buick swerve to the right of the solid white fog line onto the shoulder and then to the left, crossing the center line. (TR. 10-11).

   Deputy Schlesiger approached the Buick to make contact with the driver, later identified as Defendant. (TR. 18). As Deputy Schlesiger approached the Buick, he shined his flashlight into the vehicle and noticed a glass pipe with burnt residue in the backseat. Deputy Schlesiger testified

that the female passenger seemed very sensitive to the light from his flashlight, which in Deputy Schlesiger's experience could be an indication that she was under the influence of drugs. Deputy Schlesiger also testified that he smelled the strong odor of cologne and observed that Defendant appeared nervous and that his hands were shaking. Defendant did not have a driver's license or the registration for the Buick, but identified himself as David Rogers. (TR. 18-20). Deputy Schlesiger returned to his cruiser to run the Buick's VIN number and Defendant's name through dispatch. Deputy Schlesiger also called for a drug detection canine officer. (TR. 20-21).

Deputy Schlesiger returned to the Buick and asked Defendant to step out of the vehicle. Defendant denied consent to search the Buick. Deputy Schlesiger detained Defendant and his passenger until the canine officer arrived. (TR. 21). The drug detection canine alerted to the odor of narcotics from the Buick and a subsequent search resulted in the recovery of controlled substances and related contraband. (TR. 23-24).

Defendant has filed the instant motion to suppress all evidence obtained from the traffic stop, arguing that the stop was not supported by probable cause or reasonable suspicion and that Deputy Schlesiger prolonged the traffic stop without reasonable suspicion of criminal activity, in violation of the Fourth Amendment.[1] (Filing No. 18; Filing No. 19).

## ANALYSIS

### A. Initial Stop

It is well established that "[a] traffic violation, no matter how minor, creates probable cause for a law enforcement officer to stop [a] vehicle." *United States v. Lopez*, 564 F.3d 1001, 1003 (8th Cir. 2009). Nebraska law provides, with certain exceptions that do not apply in this case, "No person shall drive on the shoulders of highways[.]" Neb. Rev. Stat. § 60-6,142. Nebraska courts have held that "any crossing of the fog line onto the shoulder constitutes driving on the shoulder and is a violation of § 60-6,142." *State v. Magallanes*, 824 N.W.2d 696, 701 (Neb. 2012).

Defendant argues that Deputy Schlesiger did not have probable cause to stop the Buick because Defendant did not violate any traffic laws. (Filing No. 19 at p. 2). Specifically, Defendant contends that the video of the traffic stop does not show the Buick crossing the center line or the

---

[1] Defendant further alleged in his motion that the search of the Buick was not supported by probable cause. (Filing No. 18). Defendant did not brief that argument and clarified at the hearing that he does not contest the probable cause for the search based on the dog alert. (TR. 3-4).

white solid fog line. (Filing No. 19 at p. 1). However, careful review of Exhibit 1 refutes Defendant's contention. The video clearly shows the Buick cross the solid white fog line onto the right shoulder of the highway and supports Deputy Schlesiger's testimony that he observed such traffic violation. (Ex. 1 at 01:04:57). The Court's Exhibit 201 is a screenshot from the video at the moment Defendant's vehicle crossed the fog line and clearly depicts this traffic violation. (Ex. 201). Based on the credible testimony of Deputy Schlesiger and the video evidence, the undersigned magistrate judge finds that Deputy Schlesiger had an objectively reasonable basis to believe a traffic law was violated and therefore lawfully stopped Defendant's vehicle.

### B. Detention

Defendant next argues that Deputy Schlesiger did not have reasonable suspicion of criminal activity to prolong Defendant's detention after the stop, in violation of the Fourth Amendment and the holding of *Rodriguez v. United States*, 135 S. Ct. 1609 (2015). (Filing No. 19 at p. 3). "An officer conducting a traffic stop who discovers information leading to reasonable suspicion of an unrelated crime may extend the stop and broaden the investigation." *United States v. Woods*, 829 F.3d 675, 679 (8th Cir. 2016)(citing *United States v. Anguiano*, 795 F.3d 873, 876 (8th Cir. 2015)). An officer may extend an otherwise-completed traffic stop to conduct a dog sniff only if the officer develops reasonable suspicion of criminal activity during course of the traffic stop. See *Rodriguez,* 135 S. Ct. at 1615-16. Reasonable suspicion requires "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." *United States v. Donnelly*, 475 F.3d 946, 952 (8th Cir. 2007)(quotation omitted). "Whether a particular detention is reasonable is a fact-intensive question, measured in objective terms by examining the totality of the circumstances." *United States v. Englehart*, 811 F.3d 1034, 1041 (8th Cir. 2016)(citing *United States v. Quintero-Felix*, 714 F.3d 563, 567 (8th Cir. 2013)).

In this case, Deputy Schlesiger testified that when he first approached the Buick after making the stop, he observed the clear end of a glass pipe with black burnt substance in plain view in the Buick's back seat. (TR. 21-22; Ex. 1 at 1:06:33-1:07:44). Deputy Schlesiger's observation of the glass pipe, standing alone, provided him with the requisite level of reasonable suspicion to detain Defendant (and for that matter, probable cause to conduct a warrantless search of the vehicle). See *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000)(officers' observation

3

of "an item commonly used in the manufacture of methamphetamine . . . in plain view in the back seat" of a vehicle gave officers probable cause to search the vehicle for further contraband or evidence); *United States v. Munoz*, No. 4:08CR3069, 2008 WL 5069822, at *4 (D. Neb. Nov. 21, 2008) *aff'd*, 590 F.3d 916 (8th Cir. 2010)("The discovery of drug paraphernalia (even without any drug residue) provides probable cause to search the entire automobile in which the paraphernalia were found for the presence of controlled substances."). In addition to Deputy Schlesiger's observation of the pipe, Deputy Schlesiger pointed to other factors that raised his suspicion of criminal activity, including Defendant's nervousness and shaking hands, the passenger's hyper-sensitivity to Deputy Schlesiger's flashlight, and the heavy odor of cologne as a possible masking agent. See *United States v. Bloomfield*, 40 F.3d 910, 919 (8th Cir. 1994)(officer's observations of a masking odor and a driver's extreme nervousness contributed to the officer's reasonable suspicion). Certainly, the totality of the circumstances provided Deputy Schlesiger with reasonable suspicion of criminal activity to detain Defendant and conduct a reasonable investigation, including the canine sniff of the Buick.

Defendant does not challenge whether officers had probable cause to search the Buick. (TR. 3-4). Regardless, the undersigned finds that probable cause existed to search the Buick both based on the drug canine's alert, *United States v. Tuton*, 893 F.3d 562, 570 (8th Cir. 2018)("Assuming that the dog is reliable, a dog sniff resulting in an alert on a . . . car . . standing alone, gives an officer probable cause to believe that there are drugs present") and because of Deputy Schlesiger's observation of the glass pipe in the Buick's back seat in plain view, *Fladten*, 230 F.3d at 1086; *Munoz*, No. 4:08CR3069, 2008 WL 5069822, at *4 *aff'd*, 590 F.3d 916 (8th Cir. 2010). Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr., that Defendant's Motion to Suppress (Filing No. 18) be denied.

Dated this 5th day of July, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.